Case Number:   3:23MJ5004

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO – WESTERN DIVISION
# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Randal L. Mull, Task Force Officer (TFO) with the United States Drug Enforcement Administration (DEA), Toledo Resident Office (TRO), Toledo, Ohio, (hereinafter referred to as affiant) being duly sworn depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant is an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C § 2510(7), in that I am an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

2. Your affiant currently serves as a Detective with the Sylvania Township Police Department, and has been assigned as a Task Force Officer with the Toledo Resident Office of the Drug Enforcement Administration since November, 2019. Your affiant has been a peace officer since 2003 when your affiant graduated from the Owens Community College Police Academy, and your affiant has successfully passed the Ohio Police Officer Training Academy state test. Your affiant has served on the Delta Police Department from May, 2003 to October, 2005, the Toledo-Lucas County Port Authority Police Department from January, 2004 to October, 2005, and the Sylvania Township Police Department from October, 2005 to present.

3. As a result of your affiant's years of experience, your affiant knows the look, texture, and odor of marijuana, cocaine, crack cocaine, methamphetamine, and heroin. Your

affiant has been involved in the seizure of, and investigation of crimes involving all of the above listed drugs as well as the investigation of prescription drug related crimes.

4. Your affiant has received specialized training in the investigation of prescription drug abuse and diversion, criminal and drug interdiction, detecting deception in written statements, interview and interrogation in narcotic cases, search and seizure, court testimony, as well as many other law enforcement related training. Your affiant has conducted hundreds of drug related investigations that have led to the arrests and convictions of drug possession/trafficking offenders. Your affiant has participated in the controlled purchases of illegal drugs utilizing confidential sources and cooperating witnesses. Your affiant has interviewed admitted drug traffickers, drug users, informants, and cooperating defendants regarding the manner in which drug traffickers distribute, obtain, finance, store, manufacture, transport, and distribute illegal drugs.

5. As a Task Force Officer with the DEA Toledo Resident Office, your affiant has participated in many aspects of drug investigations including conducting physical and electronic surveillance, analyzing telephone toll information obtained through subpoenas, and participating in investigations involving the intercept of wire communications, body recordings, and video surveillance. Your affiant has also participated in and executed numerous search-and-seizure warrants authorizing the search of real property and vehicles used by drug traffickers. Materials searched for and recovered have included controlled substances, packaging materials, scales, cutting agents, weapons, documents, papers, electronic files and other media, receipts for concealed investments, and proceeds derived from the distribution of controlled substances.

6. Your affiant is familiar with the methods that drug traffickers use to conduct their business, including, but not limited to, their methods of importing and distributing controlled

substances, their use of mobile telephones, computers and other electronic devices, their use of businesses, houses, and other facilities in which controlled substances are stored and meetings are conducted, and their use of numeric codes and code words to conduct their drug transactions. Your affiant is also familiar with drug traffickers' use of communications devices, and texting applications and programs on such devices to conduct their business, including, but not limited to, transmitting information regarding price, quantity, and transportation of controlled substances.

7. The information in this affidavit is based in part on personal knowledge derived from the participation of your affiant and other law enforcement officers in this investigation and, in part, upon information provided by sources, surveillance by law enforcement, as well as other investigative activity. The information in this affidavit is provided for the limited purpose of establishing probable cause in connection with an application for a search warrant. The information is not a complete statement of all the facts relating to this investigation.

8. This affidavit is made in support of criminal complaints and arrest warrants for LARON TAYLOR for Possession with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1), and Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1).

9. This affidavit does not include all the information gathered during the course of this investigation. The following information is based on my personal knowledge, the knowledge of DEA Special Agents and Task Force Officers, as well as investigations conducted by other law enforcement entities.

**PROBABLE CAUSE**

1. The United States, including the DEA, has been conducting a criminal investigation of LARON TAYLOR regarding violations of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. §§ 922(g)(1).

2. On December 12th 2019, United States Postal Inspectors intercepted a suspicious United States Postal Service (USPS) Parcel which was to be delivered to 1736 Mansfield Road, Toledo, Ohio. This parcel was opened during the execution of a Federal Search Warrant. It was found to contain 796.7 grams of methamphetamine which was pressed into tablets. A chemical analysis was performed by the DEA North Central Laboratory confirming this result.

3. Your affiant conducted surveillance of 1736 Mansfield Road as well as searches of the address on government websites and databases and determined the residence was vacant during the delivery time of the December 2019 parcel. Through additional investigation, this parcel was linked to the address located at 1746 Mansfield Road, Toledo, Ohio and LARON TAYLOR was identified as the resident.

4. On September 22nd, 2020, United States Postal Inspectors intercepted a suspicious USPS Parcel which was to be delivered to 1746 Mansfield Road, Toledo, Ohio. This parcel was also opened during the execution of a Federal Search Warrant by your affiant as well as other investigators, and it was found to contain approximately 100 grams of suspected cocaine per a presumptive test performed by investigators.

5. On July 23rd, 2021, a Detective assigned to the Toledo Metro Drug Taskforce was contacted by a United Parcel Service (UPS) employee regarding a suspicious parcel which was to be delivered to 1746 Mansfield Road, Toledo, Ohio. This parcel was opened and found to contain approximately 1,931 grams of methamphetamine which was pressed into tablets. This result was per a presumptive test performed by investigators.

6. Through this investigation, Investigators learned that several other parcels delivered by Federal Express (FedEx) in addition to additional UPS and USPS parcels have been sent to TAYLOR's address which were similar to the parcels seized which contained controlled substances.

7. On December 30, 2022, a suspicious parcel was identified by investigators at a UPS parcel facility in Lucas County, Ohio. This parcel was found to have a delivery address of 1746 Mansfield Road, Toledo, Ohio. After a police canine trained in the detection of controlled substance odors indicated to the odor of controlled substances emanating from the parcel, investigators took possession of the suspicious parcel and transported it to the DEA Toledo Resident Office. Your affiant presented an affidavit to the Honorable Judge Ian English of the Lucas County Ohio, Court of Common Pleas and was granted permission to search the parcel.

8. Your Affiant as well as other investigators conducted a search of the parcel and discovered a plastic bag marked "10 K" containing small round blue tablets marked "M" "30". This bag containing the described tablets had a total weight of 1107.65 grams. It is your affiant's belief that the marking on the bag indicates that the bag contained approximately 10,000 tablets. Although the markings on the tablets indicate that the substance contained in them is Oxycodone Hydrochloride, it is your affiant's belief that the tablets actually contain fentanyl or a fentanyl analog. This belief is based on your affiant's experience, as well as other investigator's experience, in other seizures of tablets that are similar in size, color, and markings of those seized.

9. Your affiant presented an affidavit for an anticipatory search warrant for the premises of 1746 Mansfield Road, Toledo, Ohio to the Honorable Judge Ian English of the Lucas County Ohio, Court of Common Pleas. The search warrant was granted and preparations were

made to deliver the parcel with a sham substance in place of the suspected fentanyl.

10. Surveillance of 1746 Mansfield Road was established and TAYLOR was observed entering his residence with an adult female and a juvenile male. The parcel was delivered on the porch and was taken inside the residence by the adult female.

11. Sometime later, TAYLOR along with the adult female and juvenile male left the residence in a vehicle which TAYLOR was previously observed driving. This vehicle was stopped by Officers of the Toledo Police Department at the direction of your affiant. TAYLOR and the adult female were detained for further questioning. According to one of the Officers, TAYLOR made an excited utterance indicating knowledge that the traffic stop and detention had something to do with the opening of the parcel.

12. Your affiant along with other investigators executed the search warrant at 1746 Mansfield Road. Found within a kitchen cupboard were three digital scales, a bottle of Inositol which is commonly used as a cutting agent, two quart sized glass jars containing suspected marijuana, a plastic bag containing suspected black tar heroin weighing approximately 158.73 grams, a plastic bag containing suspected fentanyl weighting approximately 16.50 grams, a plastic bag containing suspected fentanyl weighting approximately 62.47 grams, a plastic Benefiber container containing a light blue powder suspected to be fentanyl with a weight of approximately 125 grams, a plastic bag containing small round blue tablets marked "M" "30" suspected to contain fentanyl weighing approximately 160 grams, which was sitting on top of a loaded 9mm Sarsilmaz B6C handgun bearing S/N: T1102-18600113 along with multiple rounds of 9mm ammunition. Inside the kitchen freezer was a plastic bag containing a blue crystalline substance suspected to be methamphetamine weighing approximately 21.38 grams. Also found in the kitchen inside a soft zippered gun case was a loaded Silver Eagle RZ17 Tactical 12 gauge

shotgun. Near where the shotgun was found, a plastic zipper bag was found containing the sham substance which investigators previously placed in the parcel. Additional suspected marijuana and THC vape cartridges were located throughout the residence. The parcel, it's packaging material, and the packaging material which contained the sham substance was found in a recycling container outside near the back porch.

13. TAYLOR's birth certificate, and additional mail bearing his name were located in the residence along with photographs of him along with other people were hanging on the walls. The contents of the residence indicated to your affiant that TAYLOR was the only resident of 1746 Mansfield Road, Toledo, Ohio.

14. An interview of TAYLOR was conducted by your affiant along with other investigators. TAYLOR admitted that he recently started selling controlled substances again and agreed that what was found in his residence was a "one stop shop". Your affiant questioned TAYLOR's claim that he just recently started selling controlled substances and he stated that he had stopped for the previous nine months approximately. TAYLOR was asked about the suspected controlled substances found in his residence. He admitted that the blue crystalline substance found in the freezer was methamphetamine, that all of the powders and tablets found in the cupboard contained fentanyl, and that the substance that your affiant believes to be black tar heroin was black tar heroin. TAYLOR stated that he bought the 9mm pistol "off the street" and stated that the shotgun came from a gun store. TAYLOR stated that when he opened the parcel and unwrapped the sham substance, he thought that it didn't look right. TAYLOR stated that he showed it to the adult female that was with him and she told him that it "looked like the stuff that comes out of the wall". TAYOLR stated that he saved the sham substance thinking that it might be something. TAYLOR was asked about his prior criminal history and he indicated that

he previously was convicted of felony offenses in the State of Ohio and has been to prison.

15. On February 11, 2019, TAYLOR was convicted of Failure to Comply with the Signal of a Police Officer, a felony of the 3rd Degree. During TAYLOR's plea, he signed an acknowledgement that the potential prison term was 36 months. TAYLOR has other prior felony convictions in the State of Ohio for Assault, Escape, and Aggravated Possession of Drugs.

16. Your affiant conducted research on the Sarsilmaz B6C 9mm pistol and the Silver Eagle RZ17 Tactical 12 gauge shotgun and determined that they are not manufactured in Ohio and thus must be transported into Ohio through Interstate commerce.

## CONCLUSION

17. The above establishes probable cause to believe that from in or around December of 2022, including but not limited to December 30, 2022, in the Northern District of Ohio, Western Division, LARON TAYLOR did commit Possession with Intent to Distribute a Controlled Substance in violation of Title 21, United States Code, Section 841(a)(1), and Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1).

The information contained in this Affidavit is true and correct to the best of my knowledge and belief.

*Randal L. Mull*
───────────────────────────
Task Force Officer Randal L. Mull
U.S. Drug Enforcement Administration

Sworn to via telephone on this 3rd day of January, 2023
after submission by reliable electronic means.
Fed.R.Crim.P. 4.1 and 41(d)(3).

───────────────────────────
Darrell A. Clay
U.S. Magistrate Judge